UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOY CORCIONE, Individually, and On Behalf of All Others Similarly Situated,     Plaintiff, § § § § | |
| V. § | CIVIL ACTION NO. 3:14-cv-160 |
| § | |
| METHODIST HOSPITAL D/B/A HOUSTON METHODIST, HOUSTON METHODIST HOSPITAL, HOUSTON METHODIST–TEXAS MEDICAL CENTER, METHODIST HOSPITAL–HOUSTON, METHODIST HOSPITAL–TEXAS MEDICAL CENTER, AND METHODIST HOSPITAL SYSTEM,     Defendants. § § § § § § § § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL INDIVIDUAL AND COLLECTIVE
ACTION COMPLAINT & JURY DEMAND**

**SUMMARY OF SUIT**

1.      This case implicates the longstanding policy of Methodist Hospital,[1] which fails to properly compensate non-exempt employees for work performed.

2.      Employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*. However, Defendant automatically deducted 30 minutes from each shift worked by its employees, including shifts worked by Plaintiff, regardless of whether the employee actually took the meal break or attempted to take a meal break, only to be interrupted due to the demands of the job. In fact, for employees responsible for direct patient care, Defendant instituted policies that created continuous interruptions during the majority of their meal breaks. As such, Defendant denied wages for on-duty meal periods under an illegal pay policy and practice. Under this policy, non-exempt employees involved in direct patient care

---

[1] Methodist Hospital d/b/a Houston Methodist, Houston Methodist Hospital, Houston Methodist–Texas Medical Center, Methodist Hospital–Houston, Methodist Hospital–Texas Medical Center, and Methodist Hospital System (hereinafter referred to as "Defendant").

were not free from work during meal periods and were denied pay for those on-duty meal periods. Defendant required and/or permitted Plaintiff and other similarly situated employees responsible for direct patient care to work in excess of forty hours per workweek, but Defendant refused to compensate them for interrupted and/or missed meal breaks. This practice violates the Fair Labor Standards Act ("FLSA").

3. With respect to the on-duty meal break violation, Plaintiff Corcione is similarly situated to the following class of employees:

> **All of Defendant's current and former hourly employees who were responsible for direct patient care, worked more than 40 hours during any workweek, and were subject to Defendant's automatic meal deduction policy during the three years before this Complaint was filed up to the present.**

Defendant wilfully, deliberately, and voluntarily failed to pay Plaintiff and Class Members overtime compensation for work performed. Defendant, and all of the Texas hospital facilities under Defendant's ownership, management and control, violated the FLSA by wilfully suffering or permitting Plaintiff and Class Members to perform work and/or remain on duty during their meal breaks, but subjecting them to an automatic 30-minute meal break deduction.

4. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid at one and one half their regular rate of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. § 207(a).

5. Therefore, Plaintiff files this action to recover on behalf of herself and Class Members all unpaid wages and other damages owed to them under the FLSA, individually and as a 29 U.S.C. § 216(b) collective action, in order to remedy the extensive and sweeping violations of the wage and hour provisions which the Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Class Members of their lawfully-earned wages.

6. In addition, Plaintiff Corcione was required to work additional time outside of her scheduled shift to keep up with the demands of her job. Defendant was aware of her performing this work, but failed to pay her at the applicable overtime rate. This practice likewise violates the FLSA.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*

8. Venue is proper in the Southern District of Texas because Defendant operates multiple facilities in this district and because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Joy Corcione is an individual residing in Harris County, Texas. Ms. Corcione was employed as a nurse by Defendant in Houston, Texas between approximately April 26, 2010 and January 15, 2014. Ms. Corcione's written consent form to this action is attached hereto as Exhibit "A" and is incorporated herein.

10. Class Members are all of Defendant's current and former hourly employees meeting the definition in paragraph 3 above.

11. Defendant Methodist Hospital is a domestic, non-profit corporation. Defendant may be served with process by serving its registered agent C T Corporation System at 1999 Bryan Street, Ste. 900 Dallas, TX 75201-3136 USA.

## FLSA COVERAGE

12. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

14. Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

15. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012). *See also*, 29 U.S.C. § 207(a)(1). *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

16. With regard to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 n.2 (E.D. Tex. 2011) (citing 29 U.S.C. § 203(s)(1)(A)).

17. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

19. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patients' credit cards with banks in other states.

20. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

21. Defendant operates a chain of hospitals that provides healthcare services. Defendants network of hospital facilities are located in the following Texas cities: Houston; Baytown; Nassau Bay; Sugar Land; and Katy. These hospital facilities include the following:

   a. Houston Methodist Hospital (Texas Medical Center – Houston);

   b. Houston Methodist San Jacinto Hospital (San Jacinto / Baytown – East Houston);

   c. Houston Methodist St. Catherine Hospital (Katy – West Houston);

   d. Houston Methodist St. John Hospital (Clear Lake);

   e. Houston Methodist Sugar Land Hospital (Sugar Land – Southwest Houston);

   f. Houston Methodist West Hospital (Katy – West Houston); and

   g. Houston Methodist Willowbrook Hospital (Willowbrook – Northwest Houston).

22. Defendant employs over 14,000 people, including Class Members and, formerly, Plaintiff, across its seven facilities.

**Defendant's Payroll Policy Regarding Auto Deductions for Meal Periods**

23. During the last three years, Defendant has had a payroll policy of automatically deducting 30 minutes per shift worked for a so-called meal break for certain hourly-paid workers at each of its hospitals listed above.

24. This policy applies to all hourly-paid, non-exempt employees who are responsible for direct patient care.

25. Under Defendant's policy, Defendant instructs its employees to clock in at the beginning and end of their shifts; however, Defendant does *not* require its employees to clock out at the beginning of their meal period and or clock back in at the end of their meal period.

26. Instead, under this payroll policy, Defendant has programmed its time tracking system to automatically deduct 30 minutes per shift worked for the employees subject to this policy. This is the default time tracking rule for Plaintiff and the Class Members.

27. This payroll policy applies to employees responsible for direct patient care including, but not limited to, nurses, nursing assistants, patient care assistants, patient care associates, respiratory therapists, and physical therapists.

28. For example, this payroll policy applies to non-exempt **nurses** at the following Methodist Hospitals:

    a. Houston Methodist Hospital (Texas Medical Center – Houston);

    b. Houston Methodist San Jacinto Hospital (San Jacinto / Baytown – East Houston);

    c. Houston Methodist St. Catherine Hospital (Katy – West Houston);

    d. Houston Methodist St. John Hospital (Clear Lake);

    e. Houston Methodist Sugar Land Hospital (Sugar Land – Southwest Houston);

    f. Houston Methodist West Hospital (Katy – West Houston); and

    g. Houston Methodist Willowbrook Hospital (Willowbrook – Northwest Houston).

29. For example, this payroll policy applies to non-exempt **nurse assistants** at the following Methodist Hospitals:

    a. Houston Methodist Hospital (Texas Medical Center – Houston);

    b. Houston Methodist San Jacinto Hospital (San Jacinto / Baytown – East Houston);

    c. Houston Methodist St. Catherine Hospital (Katy – West Houston);

    d. Houston Methodist St. John Hospital (Clear Lake);

    e. Houston Methodist Sugar Land Hospital (Sugar Land – Southwest Houston);

    f. Houston Methodist West Hospital (Katy – West Houston); and

    g. Houston Methodist Willowbrook Hospital (Willowbrook – Northwest Houston).

30. For example, this payroll policy applies to non-exempt **patient care assistants** at the following Methodist Hospitals:

    a. Houston Methodist Hospital (Texas Medical Center – Houston);

    b. Houston Methodist San Jacinto Hospital (San Jacinto / Baytown – East Houston);

    c. Houston Methodist St. Catherine Hospital (Katy – West Houston);

    d. Houston Methodist St. John Hospital (Clear Lake);

    e. Houston Methodist Sugar Land Hospital (Sugar Land – Southwest Houston);

    f. Houston Methodist West Hospital (Katy – West Houston); and

    g. Houston Methodist Willowbrook Hospital (Willowbrook – Northwest Houston).

31. For example, this payroll policy applies to non-exempt **patient care associates** at the following Methodist Hospitals:

    a. Houston Methodist Hospital (Texas Medical Center – Houston);

    b. Houston Methodist San Jacinto Hospital (San Jacinto / Baytown – East Houston);

    c. Houston Methodist St. Catherine Hospital (Katy – West Houston);

    d. Houston Methodist St. John Hospital (Clear Lake);

    e. Houston Methodist Sugar Land Hospital (Sugar Land – Southwest Houston);

    f. Houston Methodist West Hospital (Katy – West Houston); and

    g. Houston Methodist Willowbrook Hospital (Willowbrook – Northwest Houston).

32. In order to do their jobs, Defendant requires nurses to carry a cordless phone or other electronic device with them during their shifts so they may receive calls/requests from their

patients and other hospital personnel. Nurses are required to respond to these calls. This policy applies to hourly paid nurses at the following Methodist Hospitals:

    a. Houston Methodist Hospital (Texas Medical Center – Houston);

    b. Houston Methodist San Jacinto Hospital (San Jacinto / Baytown – East Houston);

    c. Houston Methodist St. Catherine Hospital (Katy – West Houston);

    d. Houston Methodist St. John Hospital (Clear Lake);

    e. Houston Methodist Sugar Land Hospital (Sugar Land – Southwest Houston);

    f. Houston Methodist West Hospital (Katy – West Houston); and

    g. Houston Methodist Willowbrook Hospital (Willowbrook – Northwest Houston).

33. Plaintiff has suffered missed or interrupted meal breaks due to the demands of the job during substantially more than 50% of her shifts worked.

34. In practice, employees involved in direct patient care are not permitted to take a 30-minute uninterrupted meal break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal break, they remain on duty in that they are required to respond to calls from their patients and otherwise respond to emergencies.

35. Plaintiff was employed by Defendant as a nurse over the last three (3) years. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring; administering medicine to patients; interacting with other hospital employees and visitors; monitoring blood-work and patient test results; and responding to emergency situations. Since before April 2011 to September 2013, Ms. Corcione was typically scheduled to work 36-hour to 48-hour workweeks and, in fact, routinely worked at least 40 hours per week. Since before April 2011 to January 2014, Ms. Corcione was subjected to Defendant's time, pay, meal break, and overtime policies and practices; routinely performing meal break work and "off-the-clock" work with Defendant's knowledge; and was denied pay for the time she spent engaged in this work.

36. Class Members employed by Defendant were involved in direct patient care, performed work similar to Plaintiff, even though they performed such work under different employment titles.

37. Plaintiff and Class Members reported to a hospital facility owned, operated, or managed by Defendants to perform their jobs.

38. Plaintiff and Class Members performed their jobs under Defendant's supervision, and using materials and technology approved and supplied by Defendants.

39. Regardless of the hospital facility in which they worked, Plaintiff and Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

40. At the end of each pay period, regardless of the hospital facility in which they worked, Plaintiff and Class Members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

41. Defendant paid Plaintiff an hourly rate.

42. Defendant paid Class Members an hourly rate.

43. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

44. Each Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

45. When Plaintiff worked more than forty hours in a workweek, Defendant did not pay her one and one-half times her regular hourly rate for meal breaks. These unpaid meal breaks constitute compensable time under the FLSA because (1) Plaintiff was not completely relieved from her duties, (2) she was interrupted with work duties during her meal period or (3) she entirely skipped the meal break due to work demands.

46. Likewise, when the Class Members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate for meal breaks. These unpaid meal breaks constitute compensable time under the FLSA because (1) they were not completely relieved from their duties, (2) they were interrupted with work duties during their meal period or (3) they entirely skipped the meal break due to work demands.

47. Defendant employs at least one person meeting the definition of Class Member in this Complaint at each of its branch health care facilities.

48. Defendant has employed at least 50 people meeting the definition of Class Members in this Complaint during the three year period before this lawsuit was filed.

49. Defendant classifies Plaintiff as non-exempt from overtime pay.

50. Defendant classifies all Class Members as defined in this Complaint as non-exempt from overtime pay.

51. In addition, other personal expenses were incurred for the benefit of Defendant, which were paid by Plaintiff and Class Members and therefore diluted their overtime compensation rate.

52. Defendant's method of paying Plaintiff and Class Members violates the FLSA, was willful, and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all persons who were, are, or will be employed by Defendants as non-exempt, hourly employees involved in direct patient care, or in substantially similar positions, within three (3) years from the commencement of this action. Defendant has not compensated these employees for the unpaid meal breaks as described above.

54. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by Class Members.

55. Plaintiff has actual knowledge that Class Members have been denied compensation for time worked, including automatic deductions for meal breaks worked or interrupted. In addition, Plaintiff has actual knowledge that Class Members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Defendant.

56. Plaintiff is similarly situated to Class Members. Like Plaintiff, Defendant subjected Class Members to its common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

57. Other employees similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted or entirely missed due to work demands.

58. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) for meal breaks that were interrupted due to work demands.

59. Class Members perform or have performed the same or similar work as Plaintiff involving direct patient care.

60. Class Members regularly work or have worked in excess of forty hours during a workweek.

61. Class Members are not exempt from receiving overtime compensation under the FLSA.

62. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

63. Although Plaintiff and Class Members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

   a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and Class Members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Class Members;

   b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Class Members;

   c. Defendant maintained common payroll systems and policies with respect to Plaintiff and Class Members, controlled the payroll systems and policies applied to Plaintiff and Class Members and set the pay rate assigned to Plaintiff and Class Members; and

   d. Defendant controlled the meal break work policies and practices at issue in the litigation and had the ability to deprive Plaintiff and Class Members of wages owed for meal break work they performed.

64. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

65. Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted or missed meal breaks.

66. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated, summed, and allocated based on a simple formula.

67. Plaintiff's and Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members. Defendant had a plan, policy or practice of not paying Plaintiff and Class Members for interrupted or missed meal breaks.

68. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendant's current and former hourly employees who were responsible for direct patient care, worked more than 40 hours during any workweek, and were subject to Defendant's automatic meal deduction policy during the three years before this Complaint was filed up to the present.**

69. Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include more than 5,000 people. The precise number of Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Class Members of the collective action are discoverable from Defendant. Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207
## FAILURE TO PAY OVERTIME COMPENSATION FOR MEAL BREAKS WORKED
### (COLLECTIVE ACTION)

70. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

71. Plaintiff and Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

72. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

73. Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work during their promised meal breaks.

74. Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

75. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and Class Members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Class Members have suffered a wage loss.

76. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### MEAL BREAK WORK

77. Throughout the relevant period, Defendant willfully violated the FLSA by knowingly suffering or permitting Plaintiff and Class Members to spend time engaged in meal beak work for which they were not paid all wages owed.

78. Throughout the relevant period, whether through an agreement, handbook, and/or policy concerning the provision of meal breaks, Defendant promised to provide Plaintiff and Class Members in the Texas hospital facilities at issue with one unpaid meal break per shift.

79. Having promised Plaintiff and Class Members one unpaid meal break per shift, Defendant was obligated to ensure that Plaintiff and Class Members were completely relieved from all work-related duties during each of their unpaid meal breaks.

80. Throughout the relevant period, Defendant routinely suffered and/or permitted Plaintiff and Class Members to perform meal break work that included, by way of example only: providing patient care and monitoring; administering medicine to patients; interacting with other hospital employees and visitors; monitoring blood-work; and patient test results and responding to emergency situations.

81. Throughout the relevant period, Defendant knew that Plaintiff and Class Members, regardless of their job title or location, regularly performed meal break work because Defendant's agents regularly encouraged, instructed, suffered and permitted Plaintiff and Class Members to perform this work and observed this work being performed on a regular basis.

82. Throughout the relevant period, Defendant knew that Plaintiff and Class Members, regardless of their job title or location, regularly performed meal break work because Plaintiff and Class Members routinely engaged in meal break work on Defendant's premises, in plain sight, and at their managers' request.

83. Throughout the relevant period, Defendant knew that Plaintiff and Class Members, regardless of their job title or location, regularly performed meal break work because they did not provide designated relief workers to free Plaintiff and Class Members from their work duties during meal breaks.

84. As a result, throughout the relevant period, Defendant knew that Plaintiff and Class Members, regardless of their job title or location, were not being properly compensated for all of their meal break work.

85. Regardless, during the relevant period, Defendant failed to implement any effective rules, systems or procedures to track all of the time Plaintiff and Class Members spent engaged in meal break work, guarantee that Plaintiff and Class Members were properly paid all wages owed for meal break work, or prohibit Plaintiff and the Class Members from performing unpaid meal break work.

86. Defendant maintained common work, time, pay, meal break and overtime policies and procedures in the Texas hospital facilities at issue during the relevant period. As a result, Plaintiff and Class Members are similarly situated regardless of their job title or location, and have been regularly deprived of pay owed for meal break work they performed, including pay calculated at the overtime premium rate for meal break work performed in workweeks where Plaintiff and the Class Members worked more than forty hours.

87. As a result of their improper conduct, Defendant has retained money that they should have paid as wages to Plaintiff and Class Members for meal break work. By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

### INDIVIDUAL ACTION ALLEGATIONS

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF THE CLOCK" WORK

88. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89. Throughout the relevant period, Defendant suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks include, but are not

limited to, checking on patients, locating and gathering equipment and supplies, and reviewing or completing charting.

90. Under Defendant's time keeping policy, Plaintiff was instructed not to clock in more than seven minutes before her scheduled shift and to clock out within seven minutes of the time the shift was scheduled to end. An employee is subject to discipline if he or she logs time outside of these parameters.

91. Plaintiff was actively discouraged from logging time outside the parameters set by Defendant. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift.

92. Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiff performed work for which she was not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiff.

93. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff for "off the clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff has suffered a wage loss.

94. Defendant's failure to pay overtime to Plaintiff, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## **DAMAGES SOUGHT**

95. Plaintiff and Class Members are entitled to recover their unpaid overtime wage compensation. Plaintiff is also entitled to recover her unpaid wages for work performed before and after her shift.

96. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

97. Additionally, Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

98. Plaintiff hereby requests trial by jury.

## PRAYER

99. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

- a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

- b. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

- c. An order finding that Defendant violated the FLSA;

- d. An order finding that these violations were willful;

- e. All unpaid wages;

- f. An equal amount as liquidated damages as allowed under the FLSA;

- g. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

- h. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

       Respectfully submitted,

       KENNEDY HODGES, L.L.P.

By:  /s/ *David W. Hodges*
     David W. Hodges
     dhodges@kennedyhodges.com
     Texas State Bar No. 00796765
     Federal Bar No. 20460
     711 West Alabama St.
     Houston, Texas 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

  ATTORNEY IN CHARGE FOR PLAINTIFF
  AND CLASS MEMBERS

OF COUNSEL
Galvin B. Kennedy
gkennedy@KennedyHodges.com
Texas State Bar No. 00796870
Federal Bar No. 20791
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116