## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOY CORCIONE, Individually, and On Behalf of All Others Similarly Situated, Plaintiff, | § § § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-160 |
| METHODIST HOSPITAL D/B/A HOUSTON METHODIST, HOUSTON METHODIST HOSPITAL, HOUSTON METHODIST–TEXAS MEDICAL CENTER, METHODIST HOSPITAL– HOUSTON, METHODIST HOSPITAL– TEXAS MEDICAL CENTER, AND METHODIST HOSPITAL SYSTEM, Defendant | § § § § § § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S EXPEDITED MOTION TO CONDITIONALLY CERTIFY
## COLLECTIVE ACTION AND AUTHORIZE NOTICE

Plaintiff Joy Corcione, on behalf of herself and on behalf of all others similarly situated, requests the entry of an Order (Exhibit "A" attached hereto) for conditional certification of this collective action and issuance of notice to all similarly situated nurses who worked more than forty hours in any workweek, were subject to the automatic meal break deduction, and were employed by Defendant Methodist Hospitals[1] in the Texas Medical Center, Willowbrook or Baytown (hereinafter referred to as "Defendant") at any time from three years prior to the granting of this Motion to present (hereinafter referred to as "Class Members").

The named Plaintiff was a nurse who worked at Defendant's Houston Methodist Hospital, which is located in the Texas Medical Center in Houston, Texas. Defendant improperly deducted a thirty-minute "meal period" from every shift worked by Plaintiff and Class Members, regardless of whether they worked, were interrupted, or were required to remain "on duty"

---

[1] Methodist Hospital d/b/a Houston Methodist, Houston Methodist Hospital, Houston Methodist–Texas Medical Center, Methodist Hospital–Houston, Methodist Hospital–Texas Medical Center, and Methodist Hospital System.

during these unpaid meal periods. Consequently, Defendant failed to pay Plaintiff and Class Members for these meal periods at the overtime rate required by the Fair Labor Standards Act ("FLSA") when they worked more than forty hours in a single workweek.

During the relevant three-year period prior to the date this lawsuit was filed, Defendant employed hundreds of nurses who were subject to the identical FLSA wage violations alleged by the named Plaintiff. The named Plaintiff is similarly situated to nurses employed at Houston Methodist Hospital,[2] Houston Methodist Willowbrook Hospital,[3] and Houston Methodist San Jacinto Hospital[4] because the primary job duties of all of these nurses consisted of responding to and providing treatment for the hospital patients' medical needs and maintaining accurate, contemporaneous health care records.  Furthermore, even though they were subject to an automatic meal break payroll deduction policy, Plaintiff and Class Members who worked at Houston Methodist Hospital, Houston Methodist Willowbrook Hospital, and Houston Methodist San Jacinto Hospital were interrupted during meal breaks, were required to remain "on duty" during meal breaks, or missed the meal breaks altogether.

The reasons Plaintiff and Class Members were not completely relieved of their duties during the unpaid time were also similar, including but not limited to: interruptions by doctors, nurses, and other hospital personnel; interruptions from calls made by the patient or the patient's family; responding to patients' medical needs; responding to "Codes"; and responding to patient admissions or laboratory test results. Plaintiff and Class Members were not able to take the unpaid meal break because they were assisting in medical care for the hospital's patients, a direct benefit to the Defendant. Still, Plaintiff and Class Members were denied overtime pay at the federally-mandated rate for that time when they worked more than forty hours in a workweek.

---

[2] This hospital facility is located in the Texas Medical Center in Houston, Texas.
[3] This facility is also referred to as "Willowbrook – Northwest Houston," and is located in Houston, Texas.
[4] This facility is also referred to as "San Jacinto / Baytown – East Houston," and is located in Baytown, Texas.

All of these facts apply equally to the class representative and all Class Members. As such, all of Defendant's nurses were subject to the same, if not identical, pay policy. Therefore, this case should be conditionally certified as a collective action, and notice should be issued to other class members immediately.

Section 216(b) of the FLSA provides that an action to recover unpaid overtime compensation may be maintained against any employer by employees for and on behalf of themselves and other employees similarly situated. *See* 29 U.S.C. § 216(b).

Plaintiff has filed this as an expedited motion because of the FLSA's statute of limitations. Specifically, in FLSA collective actions, the statute of limitations "for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)). The Fifth Circuit explained in *Hodgson v. Behrens Drug Co.* that a separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed. *See Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973). As a result, each day that goes by before other Class Members join this suit is one less day that they may recover the pay that Defendant owes them. For that reason—and because Class Members have compelling FLSA claims on the merits—it is both sensible and in the interest of justice to expedite this motion.[5] Expediting the ruling is particularly sensible in this case because many members of the putative class are former employees.

---

[5] An action for overtime compensation under the FLSA must be commenced within two years, unless the employer acted willfully in failing to properly compensate its employees. 29 U.S.C. § 255(a). Plaintiff pleaded willfulness in her complaint. (*See* Doc. 1). At this stage of the proceeding, Plaintiff's allegation of a willful violation is sufficient to authorize that notice be sent to all inspectors and dispatchers who worked for Defendant during the last three years. *See e.g., Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) ("Courts routinely approve a three-year notice period."); *Whalen v. U.S.*, 85 Fed. C. 380, 388 (Fed. Cl. 2009) ("In conditionally certifying a collective action under the FLSA, courts generally apply the longer limitations period even though the proofs ultimately adduced may not support reliance upon the longer period.").

Plaintiff has filed simultaneously with this Motion a legal brief in support thereof.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ *David W. Hodges*
David W. Hodges
dhodges@kennedyhodges.com
Texas State Bar No. 00796765
Federal Bar No. 20460
711 West Alabama St.
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFF
AND CLASS MEMBERS

OF COUNSEL
Galvin B. Kennedy
gkennedy@KennedyHodges.com
Texas State Bar No. 00796870
Federal Bar No. 20791
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules of Civil Procedure 7.1(D), I certify that I attempted in good faith to confer with opposing counsel concerning this motion, and defense counsel is opposed to the motion.

/s/  Galvin B. Kennedy
Galvin B. Kennedy

**CERTIFICATE OF SERVICE**

This is to certify that on June 24, 2014 a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

/s/ Galvin B. Kennedy
Galvin B. Kennedy