UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOY CORCIONE, Individually, and On Behalf of All Others Similarly Situated,<br>　　Plaintiff,<br><br>V.<br><br>METHODIST HOSPITAL D/B/A HOUSTON METHODIST, HOUSTON METHODIST HOSPITAL, HOUSTON METHODIST–TEXAS MEDICAL CENTER, METHODIST HOSPITAL–HOUSTON, METHODIST HOSPITAL–TEXAS MEDICAL CENTER, AND METHODIST HOSPITAL SYSTEM,<br>　　Defendant | §<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 3:14-cv-160<br>§<br>§    JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER, SANCTIONS AND CORRECTIVE NOTICE**

### I.　　SUMMARY

Defendant Methodist Hospitals (hereinafter referred to as "Methodist") sent an unauthorized letter via electronic mail, attached as Exhibit 1, to potential class members in this case in a flagrant attempt to discourage them from joining. In its letter, Methodist shamelessly:

- Discourages the class members from joining the suit by stating, "We do not think you should get involved in a lawsuit against Houston Methodist.";

- Misleads the reader into believing that anyone who joins will be practically alone in the suit by stating, "Since the lawsuit was filed in May, only four Houston Methodist nurses have signed up to participate.";

- Lies about who is included in the class and the damages the plaintiffs can recover by stating, "The class does not apply to nurses who work less than 40 hours per week."; and

- Suggests that the lawsuit is frivolous and will have a negative outcome by stating

definitively, "This lawsuit is without merit . . . ."

In addition, Methodist's letter is an improper end run around this Court's decision to conditionally certify the class and proceed with class notice. Methodist's letter is a thinly-veiled attempt to discourage the class members from joining the lawsuit before the Court-approved notice is sent. A reading of the letter indicates it was likely written by someone with legal training. Methodist's counsel, Littler Mendelson P.C., has previously been sanctioned for this very same behavior in another case involving nurse wage claims. *See Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003).

Plaintiff Joy Corcione seeks a protective order prohibiting Methodist and their lawyers from communicating with the potential class members regarding this lawsuit. Corcione also seeks monetary sanctions, and non-monetary sanctions in the form of a corrective notice, attached as Exhibit 2, to correct the damage done by Methodist's letter.

## II.     PROCEDURAL HISTORY

On May 9, 2014, Corcione filed this collective action to recover unpaid wages owed to her and other similarly situated nurses. Dkt. 1. On November 14, 2014, the Court conditionally certified the class and ordered the parties to meet and confer and submit a joint proposed form of notice for the Court's review. Dkt. 44. The Court also ordered Methodist to provide the names and contact information of the class members. *Id.* Plaintiff's counsel contacted Methodist's counsel the same day, sent a proposed notice and consent form, and asked for defense counsel's input on the appropriate notice to be sent to class members. The parties are currently negotiating the form of the notice, and are scheduled to appear before the Court on December 16, 2014 for a status conference to address any issues that cannot be resolved. Dkt. 44 at 14.

Despite's the Court's authority on the content of notices to class members and control

over the notice process, and even before Methodist produced the names and addresses of the class members, Methodist sent an unauthorized "poison pill" letter to its current nurses on November 17, 2014. Ex. 1. Methodist sent this letter with no prior notice to either the Court or Plaintiff's counsel. In its letter, Methodist misrepresents the merits of this case, the damages recoverable, and who may participate in the lawsuit, explicitly discourages readers from joining the lawsuit, and suggest that the lawsuit has little interest. For the reasons set forth below, Methodist's end run around the notice process should not be condoned.

### III.    ARGUMENT

#### A. Methodist's Actions Warrant Restraint and Sanctions

Under Federal Rule of Civil Procedure 23(c), the district court bears responsibility to direct the "best notice practicable" to class members and to safeguard those members from unauthorized, misleading communications from the parties or their counsel. FED. R. CIV. P. 23(c); *see also Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980). As in Rule 23 class actions, courts have the authority to govern the conduct of counsel and parties in § 216(b) collective actions. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Moreover, a court's authority to control counsels' conduct in a § 216(b) collective action includes the authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id*. Indeed, because of the potential for abuses in collective actions, such as unapproved, misleading communications to absent class members, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *See Gulf Oil Company v. Bernard*, 452 U.S. 89, 100 (1981).

3

Despite the duty of this Court to oversee and ensure a fair, unbiased and neutral notification of class members, Methodist chose to unilaterally communicate with the potential class members regarding this action. Methodist's actions also flout the Court's November 14, 2014 order to confer with Plaintiff's counsel on the form and content of class notice, and the letter was sent *while the parties were engaged in such negotiations*. Methodist's obvious intent is to deny the potential class members access to this Court, via misleading statements that would have never survived the Court's scrutiny. These actions are a blatant attempt to pressure current employees into foregoing their rights to join this lawsuit.

### A. Unapproved and Misleading Communications with Class Members Have No First Amendment Immunity and Warrant Protection and Sanctions

"Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit." *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667-68 (E.D. Tex. 2003) (citing *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1206 (11th Cir. 1985); *Burrell v. Crown Central Petroleum*, 176 F.R.D. 239, 244–45 (E.D. Tex. 1997); *Hampton Hardware, Inc. v. Cotter & Co., Inc.*, 156 F.R.D. 630, 632–33 (N.D. Tex. 1994)). As commercial speech, ex parte communications tending to discourage absent class members from joining the suit may be limited by orders grounded in good cause and issued with a heightened sensitivity for First Amendment Concerns. *Id. (citations omitted).*

Such First Amendment concerns fall by the wayside when the speech to be protected is misleading and deceptive, as is the case with Methodist's actions. *See Kleiner*, 751 F.2d at 1204 ("As a threshold matter, untruthful or misleading speech has no claim on first amendment immunity. Commercial speech merits constitutional safeguards only to the extent it is accurate... No constitutional objection thus inheres in banning forms of commercial communications more

likely to deceive the public than inform it....") (citations omitted). "[W]here the absent class member and the defendant are involved in an ongoing business relationship, such as employer-employee, any communications are more likely to be coercive." *Belt v. EmCare*, 299 F. Supp. 2d at 668 (citing *Kleiner*, 751 F.2d at 1202).

Accordingly, courts have readily sanctioned defendants that have engaged in unsupervised contacts with class members. *See Erhardt*, 629 F.2d at 845 (enjoining defendants from further communications with class members, ordering defendants to provide new class notice advising class that previous decisions to opt out were voidable, and imposing monetary sanctions); *Kleiner*, 751 F.2d at 1202 (enjoining defendants from communications with class members and imposing sanctions); *Belt v. EmCare*, 299 F. Supp. 2d at 669-70 (issuing corrective notice, imposing monetary sanctions, and allowing additional 30 days for class members to opt in); *Davis et al. v. Metro Networks Communications, Inc.*, H-99-1128 (S.D. Tex. Sept. 9, 1999) (where defendant attempted to settle while issue of notice was under consideration, court found entry of protective order justified and prohibited defendant from communicating with class members); *O'Brien v. Enotech Construction Servs., Inc.*, 203 F.R.D. 346, 349 (N.D. Ill. 2001) (restraining defendant from sending letters, ordering that corrective notice be issued, and noting that defendant had "seriously threatened the court's ability to handle this case in a fair and efficient manner"); *Impervious Paint Indus., Inc. v. Ashland Oil*, 508 F. Supp 720, 723-24 (W.D. Ky. 1981) (injunction upon defendant's attorneys prohibiting contact with class members and restoring class members that opted out); *In re Federal Skywalk Cases*, 97 F.R.D. 370, 377 (W.D. Mo 1983) (same).

### B. Methodist's Statements Are Misleading, Coercive, and an Attempt to Undermine the Collective Action

Methodist's letter contains numerous misrepresentations regarding this lawsuit. For example, Methodist opens its letter by stating that "[s]ince the lawsuit was filed in May, only four Houston Methodist nurses have signed up to join the lawsuit." Ex. 1. Methodist does not mention that the class notice and consent forms have not been sent to the class members yet. Until notice is approved, the class has not even formally been notified of the lawsuit, nonetheless given a method by which to join as a plaintiff. Methodist goes on to state that "[t]his lawsuit is without merit" without any qualification. Methodist's statements have only one purpose – to prejudice the potential class members against this case by suggesting it is unpopular and meritless, and to discourage the class members from joining the lawsuit.

But Methodist does not stop there. Methodist goes on to state that "[t[he class does not apply to nurses who work less than 40 hours per week." Thus, the class members are left with the impression that they must work more than 40 hours each week in order to have a claim. Of course, this ignores the fact that the lawsuit covers all nurses even if they did not work more than 40 hours. For example, if nurses worked 38 hours on the clock and an additional 2 1/2 hours off the clock, they would be eligible to participate. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (requiring aggregation of hours for overtime purposes).

Methodist goes on to state that "[w]e do not think you should get involved in a lawsuit against Houston Methodist" thereby explicitly discouraging the class members' participation. This is the classic example of the type of coercive influence an employer can wield.

### C. Methodist's Statements are All the More Egregious Because They Come on the Eve of a Court-Approved Notice

Methodist's statements, and the format they were made in, are all the more egregious

because Methodist had the opportunity to include its views of the case in the Court-approved notice.  Perhaps mindful that the Court will review these statements, and certainly aware that the Court would never approve such inflammatory and misleading statements, Methodist instead chose to make these statements *ex parte*, without notice to the Court or Plaintiff's counsel.  Such misinformation and innuendo warrants restraint and remedial sanctions.

As a result of these actions, the class has been severely tainted with false perceptions conveyed by Methodist.  Rectification of this conduct will take considerable time and effort, which will work to the ultimate detriment of class members whose claims are not made.  Methodist's actions have not only caused injury to Corcione and the class she seeks to represent, but have also severely injured this Court's ability to grant pervasive and meaningful relief following a trial on the merits.

## IV.   CONCLUSION

This Court previously approved conditional certification of the class and asserted control over the class notice process.  Despite this Court's duty and authority to protect against misleading statements, Methodist issued an unauthorized and misleading letter to the putative class.  This letter was clearly designed to undermine the broad remedial goals of the FLSA by misleading the class members as to their rights and pressuring them to forego these rights.  These actions must not be condoned.

Accordingly, a protective order, prohibiting further contacts or communications by Methodist, Methodist staff, and Methodist's lawyers with potential class members regarding this lawsuit without prior court approval must be issued.  Remedial steps should be taken to counteract the impact of the letter, including an appropriate monetary sanction and issuance of the corrective notice to the class attached hereto as Exhibit 2.  Further, Methodist should be

compelled to produce all other mass communication from its management to the class members. Finally, Plaintiff respectfully requests that the Court order all counsel and personnel who aided in dissemination of the letter, including the sender of the letter, Carole Hackett, to appear at the hearing on this matter to testify in person.

            Respectfully submitted,

           KENNEDY HODGES, L.L.P.

           By:  /s/ *Galvin B. Kennedy*
            Galvin B. Kennedy
            gkennedy@KennedyHodges.com
            Texas State Bar No. 00796870
            Federal Bar No. 20791
            711 W. Alabama St.
            Houston, TX 77006
            Telephone: (713) 523-0001
            Facsimile: (713) 523-1116

           ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL
David W. Hodges
dhodges@kennedyhodges.com
Texas State Bar No. 00796765
Federal Bar No. 20460
711 West Alabama St.
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules of Civil Procedure 7.1(D), I certify that I attempted in good faith to confer with opposing counsel concerning this motion, and defense counsel is opposed to the motion.

/s/  David W. Hodges
David W. Hodges

## CERTIFICATE OF SERVICE

This is to certify that on December 3, 2014 a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

 /s/ Galvin B. Kennedy
Galvin B. Kennedy